BRADY, Justice.
This is an appeal from the Circuit Court of Lowndes County, Mississippi, wherein the appellant was denied damages for personal injuries alleged to have been caused by the negligence of the appellees. From a jury verdict and judgment in favor of the appellees, this appeal is taken.
The appellant, a sixty-four year old lady, was riding as a passenger on the right front seat of an automobile owned and driven by her husband and was proceeding in a southerly direction on Thayer Avenue in the city of Aberdeen, Mississippi. Thayer Avenue runs generally in a north-south direction. A butane gas truck belonging to the appellees and being driven by appellee Ballard was leaving the branch bank of the Monroe Banking & Trust Company and was proceeding in an easterly direction into Thayer Avenue. At a point *648 where the bank’s driveway enters the west side of Thayer Avenue, a collision occurred between the two vehicles, wherein the back right door and fender of the appellant’s 1962 Cadillac received damage in the amount of $292.96. The impact was of sufficient force to cause the rear end of the Cadillac to be turned in a curve to the east from the north-south direction in which it was proceeding, with the front of the car pointing in a westerly direction. The collision occurred on June IS, 1968, at about 9:00 or 10:00 o’clock a. m. on a day in which the weather was fair.
After the collision, the appellant along with her husband continued into Aberdeen in the damaged automobile, and after several days, of pain the appellant consulted a physician who informed her that she had a slipped disc and arthritis, whereupon this tort action was instituted for damages to the appellant arising out of the accident. The issue was submitted to a jury which returned a verdict in favor of the appellees. From that judgment this appeal is taken.
The record discloses the following facts: The appellant testified that the truck came out of the driveway and hit the back of the Cadillac. This testimony is substantiated by Mr. Joe Davidson, a Mississippi State Highway Patrolman, who testified that he saw the accident and that “ * * * the gas truck entered, started out into the street and hit the car on the right side, right rear, whatever you want to call it, and knocked the car around in a westerly, turned it into the westerly direction back into the curb.” He testified that at the point of impact both vehicles were moving and that he stopped and asked if he could be of assistance, and after being told that no one was injured he left the scene of the accident.
Mrs. Joe Davidson testified that she was riding with her husband, a highway patrolman, who was off duty, and that she also witnessed the gas truck coming from the bank into the . street. She also testified that when the car was struck by the truck it was spun from its north-south direction into a westerly direction.
The appellant’s husband, Mr. Dan Warren, testified that he thought the truck was going to stop before entering Thayer Avenue, but that it didn’t, and it hit him. He further testified that the appellee, June Ballard, told him that it was his fault and for Mr. Warren to have some estimates made on the car and he would have it fixed. The only rebuttal to the testimony of these witnesses was that of the appellee, June Ballard. He testified that the highway patrolman and his wife were not at the scene of the accident. He denied that he told Mr. Warren that it was his fault but admitted that he told Mr. Warren to have an estimate made and that he would submit it to the company to see if they would have the car fixed. He also testified that he stopped before entering Thayer Avenue; that he did not run into the Warren car on Thayer Avenue but that the Warren car ran into his front while he was on the edge of the parking lot of the branch bank. He denied that Patrolman and Mrs. Davidson were present at the time of the collision.
Appellant testified that after the accident she had a severe back ache and that her foot would go numb and that she no longer could walk. She stated that as a result of this, in July 1968 she consulted Dr. W. C. Fulton, who informed her that she had a slipped disc and preexisting arthritis. This testimony was confirmed by Dr. Fulton, who testified that the first time he saw the appellant was on July 11, 1968, and that his original diagnosis was an acute whiplash to her back along with arthritis of the spine and that he took x-rays to determine if she had a ruptured disc, which condition the x-rays established. The doctor further testified that the ruptured disc was causing a blockage of the nervous system to the muscles of the legs and that the raptured disc was directly related to the accident. Dr. Fulton also testified that due to the appellant’s age he would not recommend an operation on the disc as there was only a twenty percent chance of its success and *649 that the appellant would require care for the rest of her life; that she was retrogressing instead of progressing. He stated that most likely she would soon be confined to a wheel chair. Dr. Fulton testified that as a result of the accident the appellant had sustained a permanent disability.
Four assignments of error are urged by the appellant, two of which can be stated as follows: (1) That the verdict of the jury is contrary to the overwhelming weight of the evidence, and (2) that it evinces bias, passion and prejudice. The other errors assigned are that the trial court erred as a matter of law in failing to direct a verdict for the appellant on the issue of liability and that the court erred in not sustaining appellant’s motion for a new trial.
A review of the facts hereinabove listed clearly shows that the accident could not have happened as testified to by the appel-lee. Granting, pro arguendo, that the truck driver, June W. Ballard, has no personal interest in the case, the fact nevertheless remains that he testified on direct examination that the car of the appellant “hit the edge, oh, about two or three feet of the end of my bumper and glanced off.” He testified further that nothing was done to repair the truck except “we painted the truck where it scraped the paint off and that is all.”
The pictures introduced as exhibits to the testimony of this witness were made subsequent to the time the bumper of the truck was painted. These pictures, however, disclose that the vehicle is an eight cylinder, heavy duty truck. The pictures fail to show the butane tanks behind the cab. The record is silent as to the weight of this truck or whether the truck was loaded or unloaded. The proof, however, shows that the impact took place, according to the testimony of Mr. Ballard, at the edge of the parking lot and Thayer Avenue.
Mr. Ballard denied that the force of the impact changed the direction of the automobile subsequent to the collision. The proof shows that the right rear door and fender of the automobile were crushed and that it would require the expenditure of $292.96 to repair the same; that because of the collision the rear end of the automobile was propelled or knocked in an easterly direction and the car traveled a distance of a hundred to a hundred and fifty feet and came to rest on the curb in front of a home immediately south of the branch bank. Mr. Ballard concedes that the car went approximately one hundred feet.
The testimony of the patrolman and his wife, Mr. and Mrs. Joe Davidson, who had no interest whatsoever in this case, was corroborative of the testimony of Mr. Warren and the appellant to such a degree when coupled with the physical facts that we are convinced that the verdict of the jury is against the overwhelming weight of the evidence. Indeed it is difficult to find a case which more amply supports appellant’s contention that the verdict is against the overwhelming weight of the evidence than is presented in the case at bar. It is difficult to conceive how a 1962 Cadillac automobile travelling between twenty-five and thirty miles per hour could merely scrape “one end of the truck bumper” and “glance” off as was testified to by Mr. Ballard and at the same time crush the door and right fender and side of the Cadillac automobile, propel the rear end in an easterly direction as testified to by Patrolman and Mrs. Joe Davidson, which corroborates in detail the testimony of Mr. Warren and the appellant, travel south partially sideways down Thayer Avenue and come to rest a hundred or a hundred and fifty feet from the point of collision without having been struck by the truck of appellees.
From the foregoing it follows that the verdict of the jury does evince bias, passion and prejudice. We fail to find any testimony in the record which would deny appellant the right to have an instruction absolving her of any negligence. Furthermore, the trial court should have sustained the appellant’s motion for a new trial.
*650 For these reasons the cause is reversed and remanded for another trial.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.